IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODNEY BLACK,

          Plaintiff,

v.

DR. MEYERS, DEARMOND, and
AIMEE LANG,

          Defendants.

Case No. 23-cv-190-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Rodney Black, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is before the Court on Black's amended motion for preliminary injunction (Doc. 23).

Black was allowed to proceed on a single Eighth Amendment deliberate indifference claim against Nurse Practitioner Dearmond, Aimee Lang, and Dr. Meyers for denying and delaying care for Black's urinary retention and resulting infections (Doc. 19, p. 7). Black alleges that since having a cystoscopy and biopsy in April 2022, he has been unable to urinate on his own and must rely on the use of catheters.

In his motion for preliminary injunction, Black notes that he has been wearing a catheter and drainage bag since the procedure. He alleges that Dr. Stokes, the urologist

who performed the original procedure, canceled appointments previously scheduled for September, October, and November 2022, as well as January, February, March, April, May, and June 2023. During this time, he has suffered from numerous infections from wearing the drainage bag and recently finished a round of antibiotics for an infection. Black maintains that the antibiotics did not resolve his infection. He alleges Defendant Aimee Lang has not been monitoring his condition, and Dearmond and Nurse Practitioner Michael Muldenhauer, who is not a defendant in this case, refuse to schedule Black for an appointment with a different urologist.

There are a number of issues with Black's motion. First, Black contends that Dr. Stokes, his treating urologist, and Nurse Practitioner Muldenhauer, are denying and/or delaying care for his condition, but neither individual is currently a defendant in this case. Further, Black's motion fails to show that he is entitled to relief. When seeking a preliminary injunction, the plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once a plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).

But other than describing his current care and stating he believes he could die

without immediate intervention from a different urologist, Black fails to meet his burden of demonstrating he is entitled to relief. Black seeks care from a different urologist other than Dr. Stokes, but Black has not shown that Dr. Stokes's care is inadequate or that he is entitled to care from a different urologist. Further, he fails to demonstrate a reasonable likelihood of success on the merits of his current claims. He merely states that Dearmond will not refer him to the physician he wants to see, and Defendant Lang is not monitoring his "situation." He fails to further explain how these actions by the named defendants amount to deliberate indifference or why it entitles him to the relief he seeks. Thus, Black is not entitled to relief at this time. His motion for preliminary injunction (Doc. 23) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED:   July 25, 2023

                                                              **NANCY J. ROSENSTENGEL**
                                                              **Chief U.S. District Judge**