IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODNEY BLACK,<br><br>                  **Plaintiff,**<br><br>v.<br><br>DR. MEYERS, N.P. DEARMOND, and AIMEE LANG,<br><br>                  **Defendants.** | Case No. 23-cv-190-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Rodney Black, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Black alleged Defendants were deliberately indifferent to his medical condition in violation of the Eighth Amendment. After a review of his Complaint pursuant to 28 U.S.C. § 1915A, Black was allowed to proceed on one count alleging deliberate indifference against Nurse Practitioner Dearmond, Aimee Lang, and Dr. Meyers for denying and delaying care for Black's urinary retention and resulting infections (Doc. 19).

This matter is before the Court for review of Black's First Amended Complaint (Doc. 31).[1] Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend

---

[1] Black previously sought to amend his Complaint in a piecemeal fashion through various motions which were denied (Doc. 29).

its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Although Black's pleading falls within this timeline, his First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a).

There are a number of issues with Black's First Amended Complaint (Doc. 31). First, the proposed Amended Complaint does not comply with SDIL Local Rule 15.1, which requires that all new material in the pleading be underlined. Instead, it appears that Black has submitted additional pages to his Complaint, which are spread throughout the pleading. The new allegations are numbered differently but not underlined (Doc. 31, pp. 15-18).[2] The First Amended Complaint is also in a different page order from the original Complaint, with exhibits spread throughout the statement of claim. (*See* Doc. 31, pp. 5-13). This presentation makes it extremely difficult to follow and difficult to determine the new claims.

Further, the caption of the Amended Complaint fails to include the names of any defendant, nor does it indicate the names of the new defendants that Black seeks to add to his Complaint (Doc. 31, p. 1). *See Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the

---

[2] For example, pages 15 and 16 purport to be page 4 of the pleading. Page 15 appears to be the original "page 4" of the Complaint (Doc. 1, p. 10), while page 16 contains new allegations (Doc. 31, p. 16). Similarly, page 17 of the new pleading appears to coincide with page 11 of the original pleading (Doc. 1, p. 11), and page 18 appears to be a new page (although both are labeled as page 5) (Doc. 31, p. 18).

caption"). Black labels his First Amended Complaint as an attempt "to add Kimberly Martin…Director of Nursing," but she is not listed in the amended pleading's caption. Further, additional pages in the First Amended Complaint refer to Jill Crane, Dr. Glenn Babich, Wexford Health Sources, and Dr. Stokes (Doc. 31, pp. 5, 16, 18). None of these parties are listed in the caption of Black's pleading, nor is there any indication that he is attempting to add these individuals as defendants. In fact, his first page of his pleading states that he asks to "keep Dr. Meyers, Alisa Dearmond, and Aimee Lang – and ADD Kim Martin" (*Id*. at p. 1). The introductory paragraph fails to refer to any of these additional individuals. For these reasons, the Court finds that Black's proposed First Amended Complaint fails to comply with procedural requirements. Thus, his motion to amend is **DENIED**.

To the extent Black seeks to amend his Complaint, he is **DIRECTED** to file a motion to amend setting forth the claims and parties he seeks to add to his pleading. He should also submit a proposed Amended Complaint that complies with the requirements set forth in this Order. To aid Black in this endeavor, the Clerk of Court is **DIRECTED** to send Black a Section 1983 Complaint form. If Black seeks to amend, he shall file his motion to amend and the proposed Amended Complaint no later than **September 25, 2023**. Defendants' responsive pleading deadline remains stayed.

    **IT IS SO ORDERED.**

    DATED:   August 25, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**